

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MITCHELL ALTON,

                            Plaintiff,

-against-

CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; DETECTIVE
CHRISTOPHER BRIECKE, SHIELD # 6242;
DETECTIVE JAMES GALLAGHER;
P.O. JOHN DOES #1-6, the individual defendants
sued individually and in their official capacities,

                            Defendants.

------------------------------------------------------------x

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which occurred on or about January 19, 2006. During the incident, the City of New York and members of the New York City Police Department ("NYPD"), including Detective Christopher Briecke, Shield #6242 and Detective James Gallagher, subjected plaintiff to, among other things, excessive force, assault and battery, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, and negligent supervision, training and instruction of employees. Plaintiff

seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICATION & VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.  Plaintiff Mitchell Alton is a citizen of the State of New York, County of New York.

6.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.  Defendant Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8.  Defendant Detective Christopher Briecke, Shield #6242, is a New York City Police Detective assigned to the Narcotic Boro Manhattan North, who arrested plaintiff and violated his rights as described herein.

9. Defendant Detective James Gallagher, is a New York City Police Detective assigned to the Narcotic Boro Manhattan North, who arrested plaintiff and violated his rights as described herein.

10. Defendant P.O. John Does #1-6 are New York City Police Officers employed with the New York City Police Department, Manhattan North Narcotics, who violated plaintiff's rights as described herein.

11. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. The following is a summary set forth for purposes of demonstrating, averring, and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

13. On January 19, 2006, at approximately 4:30 p.m., in the premises known as 1760 Lexington Avenue, Apt. 10H, New York, New York, the defendants, including Detective Christopher Briecke, Detective James Gallagher, and P.O. John Does #1-6, upon information and belief, assigned to the Narcotic Boro Manhattan North, illegally searched and seized plaintiff and subjected him to excessive force by, among other things, (1) twisting plaintiff's arms; (2) striking plaintiff in the face with a police bunker and/or other object and (3) keeping plaintiff in excessively tight handcuffs for an extended period.

14. On January 19, 200, at approximately 4:30 p.m., Detective Briecke, Detective Gallagher, and P.O. John Does #1-6, entered plaintiff's residence at 1760

Lexington Avenue, Apt. 10H, New York, New York, after having obtained a search warrant with respect to the premises.

15. That upon entering the premises, plaintiff did not resist arrest or act in any way to cause alarm to Detective Briecke, Detective Gallagher and/or Police Officers John Does #1-6.

16. Despite plaintiff's non-action, the individually named defendants violated plaintiff's civil rights by using excessive force, gross negligence, assault and battery, intentional and negligent infliction of emotional distress, conspiracy, harassment, and abuse of process.

17. The individual defendants acted in concert committing these illegal acts against plaintiff.

18. Plaintiff did not resist arrest at any time during the above incidents.

19. The aforesaid events were not an isolated incident. Defendant Commissioner Raymond W. Kelly has been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of NYPD's officers and employees are insufficiently trained on the proper way to use force, search arrestees and/or detainees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location. Commissioner Raymond W. Kelly is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Commissioner Raymond W. Kelly has failed to take corrective action. This failure caused the defendant police officers in the present case to violate the plaintiff's civil rights.

20. Moreover, Commissioner Raymond W. Kelly was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Commissioner Raymond W. Kelly has retained these officers and employees, and failed to adequately train and supervise them.

21. As a result of defendants' actions, plaintiff experienced severe personal injuries and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

## FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

22. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

23. The conduct of the defendant officers, as described herein, amounted to excessive force, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, assault and battery, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, and negligent training and instruction of employees.

24. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by using excessive force, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, malicious prosecution, gross negligence, assault and battery, negligent hiring and

retention of incompetent and unfit employees, and negligent supervision, training and instruction of employees.

25. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with specific intent to deprive plaintiff of her rights secured by 42 U.S.C. §§1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and New York State Law.

26. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced severe personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

27. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

## FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY

28. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

29. Defendant Raymond W. Kelly is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate

indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

30. Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations that the officers sued in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

31. Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial actions.

32. The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§1983 and 1985(3), and the First, Third, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by failing to re-train, the defendant subordinate officers and employees, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant officers and employees, either at the facilities where the incidents occurred, or at his Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those who question their authority, and acting in a manner which amounted to negligent hiring, training, monitoring, and retention of incompetent employees, in violation of state law.

33. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

34. The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

## FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK

35. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

36. The City of New York directly caused the constitutional violations suffered by plaintiff.

37. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from the NYPD's own observations, that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

38. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass and assault citizens without consequence. Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the office is unworthy of belief.

39. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§1983 and 1985(3), and the First, Third, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

40. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

41. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff demands a jury trial and following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorneys' fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: New York, New York
       January 16, 2009

                                        LAW OFFICE OF JAMES COSTO
                                        Attorneys for Plaintiff
                                        32 Broadway, Suite 1710
                                        New York, New York 10004
                                        917.783.1505
                                        costolaw@gmail.com

                                        By:

                                        _____
                                        CORINNE PASCARIU (CP 2862)